Lauren Bethea **HARMON**, Plaintiff,

v.

Roswell D. **HOLMES**, Defendant.

Civ. A. No. 88–2291.

United States District Court, D. New Jersey.

May 2, 1989.

Charles N. Riley, Tomar, Seliger, Simonoff, Adourian & O'Brien, Haddonfield, N.J., for plaintiff.

Laurence E. Rosoff, Cherry Hill, N.J., for defendant.

## OPINION

GERRY, Chief Judge.

Defendant Roswell D. Holmes presents to us today a motion to dismiss plaintiff Lauren Bethea Harmon's civil rights action, 42 U.S.C. § 1983 (1982), for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). In response, Harmon notes that Holmes has included with his submission matters outside the scope of Harmon's complaint, thus rendering the motion one for summary judgment pursuant to Fed.R.Civ.P. 56. *See Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam). Harmon contends that a motion for summary judgment is premature because she has not had an opportunity to conduct discovery.

█ We agree. Consequently, we will limit our analysis to Harmon's complaint.[1] The test to be applied in deciding a motion to dismiss for failure to state a claim requires us to accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them and to refrain from granting a dismissal unless it is certain that no relief could be granted under any set of facts which could be proved. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

In count one of her complaint, Harmon asserts that on April 20, 1986, Holmes struck Harmon's vehicle in the parking lot of the Kaighn Avenue Baptist Church in Camden. At the time, Holmes was the Chief of Police in the City of Camden, New Jersey. Sometime thereafter Holmes filed a complaint with the Municipal Court of the City of Camden alleging that Harmon violated N.J.Stat.Ann. § 39:4–130 by failing to report an accident. The Municipal Court subsequently dismissed these proceedings. Harmon claims that the complaint by Holmes was in retaliation for her claim against him and the city. According to

1. Thus we defer to another day Holmes' contention that Harmon released him from the claims before us when she signed a release to obtain the Superior Court judgment awarded to her for damage to her car.

Harmon, Holmes deprived her of her constitutional rights as guaranteed by the fourth and fourteenth amendments.

Count two asserts pendent state law claims of malicious prosecution, slander, and perjury. Harmon adopts her allegations in count one. She goes on to inform us that she subsequently sued Holmes in the Law Division of the Superior Court for the damages to her car. According to Harmon, Holmes testified falsely and maliciously in the Superior Court proceeding. Harmon also says that Holmes made false statements to the media.

Holmes directs our attention to a recent decision of the New Jersey Superior Court, *Vickey v. Nessler*, 230 N.J.Super. 141, 553 A.2d 34 (App.Div.1989), *notice of pet. filed*, No. 3075 (Feb. 14, 1989). The facts in *Vickey* are somewhat similar to those in this case; an ostensibly off-duty state trooper filed a traffic complaint against a civilian for disregarding a traffic signal. The civilian filed a counter traffic complaint, claiming that the state trooper had disregarded the traffic signal. The Trenton Municipal Court determined that it was the state trooper who had disregarded the traffic signal and dismissed the complaint by the police officer. *Id.* at 144–45, 553 A.2d at 35–36.

The civilian subsequently filed a civil complaint in Law Division of the Superior Court against the state trooper and his partner that included a malicious prosecution count and a section 1983 count. The trial court involuntarily dismissed the malicious prosecution count because the civilian did not claim that he had been deprived of his liberty or been made to suffer a special grievance beyond the ordinary expense of a defense. The Appellate Division affirmed because under New Jersey law a special grievance is a necessary element of a malicious prosecution claim when the original

prosecution was a civil, not a criminal, proceeding. According to the Appellate Division, the traffic complaint was not a criminal proceeding. *Id.* at 146–51, 553 A.2d at 35–37.

The trial court also granted summary judgment to the state troopers on the civilian's section 1983 claim. It found that the state trooper had brought the traffic complaint in a private, not official, capacity. In the alternative, it held that the deprivation of a protected right under either the fourth or fourteenth amendments was at best *de minimis*. The Appellate Division affirmed on both grounds. *Id.* at 151–53, 553 A.2d at 39–40.

■ We turn to count one of Harmon's complaint wherein she alleges that Holmes deprived her of her rights under the fourth and fourteenth amendments. We decline to follow either of the two arguments advanced in *Vickey*. The argument that the state trooper was not acting under color of law turns on the particular record before the court. In this case, we are confronted with a motion to dismiss for failure to state a claim. As we explained above, we have no record to consider. Because Harmon has plead that Holmes as Chief of Police was acting under color of law, *see* Amended Complaint at ¶ 13,[2] we cannot rely on this reasoning to grant Holmes' motion.[3]

■ We also decline to adopt the legal argument advanced in *Vickey* that the Constitution does not protect an individual from being maliciously haled into municipal court under color of law to answer a traffic complaint because any interference in the individual's constitutional rights is *de minimis*. If Harmon had ignored Holmes' complaint, she could have been arrested, been exposed to incarceration for up to fifteen days, and accumulated violation points. *Id.* at 145–146, 553 A.2d at 36.

---

**2.** Holmes contends that count one of Harmon's complaint fails to specify how Holmes was acting under color of law. Any failure on Harmon's part to be specific does not give rise to a motion to dismiss for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6); rather it gives rise to a motion for a more definite statement, *see* Fed.R. Civ.P. 12(e).

**3.** We also leave open the question whether Holmes was acting under color of law as a matter of law by initiating the proceeding against Harmon "in the name of the State." N.J.Stat.Ann. § 39:5–5 (West Supp.1988); *cf. Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315, 321–22 (D.N.J.1978) (innkeepers can act under color of law).

Instead, she appeared in court and successfully defended herself against what she claims was an action brought without probable cause in retaliation for her efforts to straighten out the damage to her car. Harmon thus faced a Hobson's choice—either show up in court to answer the allegedly malicious complaint or face arrest. This is more than a *de minimis* interference. "A deprivation of liberty or a determination of guilt or innocence may not be made on the basis of willingness to accede to extortionate demands." *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir.1977). We hold that although a malicious prosecution action cannot be maintained in New Jersey for the ordinary expense of defending a civil suit, *see id.* 230 N.J.Super. at 146, 553 A.2d at 36 (quoting *Potts v. Imlay*, 4 N.J.L. 382, 386 (Sup.Ct.1816)), an individual who is the target of a malicious suit brought by a complaining witness under color of law and who must answer the suit or potentially face incarceration can maintain a cause of action under section 1983.[4] Consequently we will deny defendant's motion on count one.[5]

■■■■ Regarding count two, the pendent claims, we would at first glance appear to have no choice but to dismiss Harmon's malicious prosecution claim because a crim-

inal action is a requirement of the cause of action and a Municipal Court traffic proceeding does not constitute a criminal action. *See id.* 230 N.J.Super. at 148–51, 553 A.2d at 36–38. On the other hand, the facts alleged clearly state a cause of action for abuse of process.[6] "It would be improper to dismiss a claim which raises a cognizable cause of action where that claim is merely mislabeled in view of the command of F.R.Civ.P. 8(f) that '[a]ll pleadings shall be so construed as to do substantial justice.'" *Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315, 325 (D.N.J. 1978). Consequently, we will deny the motion on that ground. Likewise, we conclude that Harmon has barely plead an action for slander, *see Zoneraich v. Overlook Hosp.*, 212 N.J.Super. 83, 101, 514 A.2d 53, 63 (App.Div.), *certif. denied*, 107 N.J. 32, 526 A.2d 126 (1986), because we read the complaint as alleging that Holmes spoke to the media outside the Superior Court proceeding.[7] On the other hand, we will grant Holmes' motion as it applies to Harmon's perjury claim because perjury is a criminal offense that does not give rise to a private cause of action. *See* N.J.Stat. Ann. § 2C:28–1 (West 1982). Thus in sum, we will grant Holmes' motion as to count two in part and deny it in part. The Court

---

**4.** In *Voytko*, we carefully distinguished malicious prosecution from abuse of process. Malicious prosecution arises from a prior criminal prosecution in which probable cause was lacking whereas abuse of process merely requires the defendant to set legal process in motion for an improper ulterior purpose and to commit "a willful act in the use of process which perverts the regular conduct of the proceeding to accomplish the improper purpose." *Voytko*, 445 F.Supp. at 325. Because the *Vickey* court concluded that traffic offenses are "quasi-criminal," *Vickey*, 230 N.J.Super. at 149, 553 A.2d at 38, we refrain from characterizing Holmes' Municipal Court action as criminal or civil. *See* Fed.R. Civ.P. 8(f). We note, however, that New Jersey recognizes a liberty interest in being free from both malicious prosecution and abuse of process. *See Voytko*, 445 F.Supp. at 325. We suggest therefore that the civil-criminal distinction drawn in *Vickey* has no bearing on this case, particularly where Holmes allegedly initiated process against Harmon under color of law in retaliation for her complaint against him. In *Vickey*, the Appellate Division noted that the plaintiff had "failed to establish that defen-

dant['']s issuance of the complaint was actuated by malice." *Vickey*, 230 N.J.Super. at 150, 553 A.2d at 39. Here, in contrast, Harmon has claimed that Holmes initiated process for an improper purpose under color of law.

**5.** We note that the Supreme Court has held that complaining witnesses are not absolutely immune and as such are distinguishable from prosecutors in section 1983 actions. *See Malley v. Briggs*, 475 U.S. 335, 340–41, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

**6.** The elements of the tort of "abuse of process are just two: (1) the defendant has set legal process in motion for an improper ulterior purpose, and (2) the defendant has committed a willful act in the use of process which perverts the regular conduct of the proceeding to accomplish the improper purpose." *Voytko*, 445 F.Supp. at 325. *See generally* Restatement (Second) of Torts § 682 (1977).

**7.** *Cf. Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983) (witness is absolutely immune from § 1983 action for statements in court).

will enter an appropriate order.[8]

---

8. We wish to reiterate that our decision today is based on the allegations in and reasonable inferences we have drawn from Harmon's complaint and nothing else. Thus our decision does not in any way preclude Holmes from bringing a motion for summary judgment after the Harmon has had some opportunity to conduct discovery. At that time, Harmon will not be able to stand on her complaint and its somewhat conclusory assertions.