**Al–Wahid ALI, Plaintiff,**

v.

**Officer Michael PERSON,
et al., Defendants.**

**Civ. A. No. 93–1221.**

United States District Court,
D. New Jersey.

Nov. 15, 1995.

Harriet H. Miller, Verona, NJ, for Plaintiff.

A.J. Fusco, Passaic, NJ, for Defendant Person.

Paulette Brown, Brown, Lofton, Childress & Wolfe, E. Orange, NJ, for Defendants City of E. Orange and E. Orange Police Dept.

Jack Gold, E. Orange, NJ, for Defendant Edmonds.

## MEMORANDUM OPINION

WOLIN, District Judge.

Plaintiff Al Wahid Ali ("Ali") has brought this civil rights action against East Orange police officers Hilliard Edmond ("Edmond") and Michael Person ("Person") and against the City of East Orange and the East Orange Police Department. Before the Court are the motions of all four defendants for summary judgment. The Court has considered these motions on the parties' written submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Person's motion. Edmond's motion will be granted in part and denied in part. Finally, the Court will grant summary judgment in favor of defendants City of East Orange and the East Orange Police Department.

## BACKGROUND

Ali's complaint is based on alleged actions of Person and Edmond taken under color of law. He alleges that both Person and Edmond were part of a conspiracy to deprive him of his liberty, allegedly because they knew of Edmond's sister's charge that Ali had raped her. He also alleges that Edmond assaulted him, violating his rights under the Constitution.

On or about October 11, 1991 police officers Person and Benny Powell became involved in a high speed chase which culminated in a crash of the vehicle they were chasing. The driver and one of its occupants escaped, but Person and Powell arrested a third occupant, one James Diggs. A search of the vehicle yielded a wallet containing Ali's drivers license in the glove compartment and a handgun on the floorboard. Ali admits the vehicle was his but asserts that Diggs has admitted he stole the car. On October 21, 1991 Ali was arrested, charged with unlawful possession of a weapon, and incarcerated.

At some time in early January, Edmond's sister charged Ali with aggravated sexual assault and other crimes. On or about January 9, 1992 Ali was at the East Orange Police Headquarters, apparently on his own accord, where he encountered Edmond, who had just learned of his sister's rape charge. Ali alleg-es, and a non-party witness has testified, that Edmond assaulted him. Ali also alleges that other police officers at the scene assaulted him and that still other police officials conspired to cover up the incident. He does not specifically allege that Person was involved in the assault or the cover-up.

On January 29, 1992, James Diggs and Ali were indicted. Person testified at both the grand jury hearing and at Ali's later trial. Ali points to an inconsistency in Edmond's testimony at these two proceedings to assert that Person perjured himself at the grand jury hearing, allegedly in furtherance of the conspiracy between himself, Edmond and others to deprive Ali of his liberty without due process.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The party moving for summary judgment must show that there is no genuine issue of material fact; once the moving party has sustained this burden, the opposing party must introduce specific evidence showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Williams v. Borough of West Chester,* 891 F.2d 458, 464 (3d Cir.1989).

A genuine issue is not established unless the evidence, viewed in a light most favorable to the nonmoving party, would allow a reasonable jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Radich v. Goode,* 886 F.2d 1391, 1395 (3d Cir.1989). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Radich,* 886 F.2d at 1395.

Rule 56(c) mandates summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to his case on which he will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Appel-*

*mans v. City of Philadelphia,* 826 F.2d 214, 216 (3d Cir.1987). Rule 56(e) requires the nonmoving party to go beyond the pleadings and, by affidavits, depositions, interrogatory answers and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; *see also Williams,* 891 F.2d at 466 n. 12 (nonmoving party must produce evidence that can be reduced to admissible form at trial).

## II. Conspiracy

■ The complaint does not properly allege a conspiracy to deprive Ali of his civil rights. Under 42 U.S.C. § 1985(3), a plaintiff must allege a conspiracy that is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *W.B. v. Matula,* 67 F.3d 484, 502 (3d Cir.), *quoting Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). *See also Dunn v. New Jersey Transit Corp.,* 681 F.Supp. 246, 251 (D.N.J. 1987) (citations omitted) ("§ 1983 does not provide a remedy for a conspiracy to deny the right to due process, as opposed to the right to equal protection under the law"); *Bieros v. Nicola,* 851 F.Supp. 683, 686–87 (E.D.Pa.1994); *Carter v. School Dist. of Philadelphia,* 1995 WL 105474, *4, 1995 WL 105474 (E.D.Pa.).

Accordingly, Ali's claims for damages under conspiracy theories are without legal merit. The Court will therefore turn to Ali's charges against the defendants individually.

## III. Perjury

■ Ali's only claim against Person individually is that he perjured testimony before the grand jury, thereby depriving Ali of his liberty without due process of law in violation of section 1983.[1] Person argues that the Court can dispose of these charges on summary judgment because (1) it is clear that he did not have the requisite intent to make false statements at the time they were made, (2) liability for perjury cannot attach to a response to an ambiguous question, and the

questions at issue were ambiguous; and (3) his testimony was not ultimately material to Ali's loss of liberty. Person has not raised the most clearly dispositive ground for dismissing these claims against him, which is his absolute immunity as a witness in a judicial proceeding from subsequent damages claims arising out of his testimony.

*Brawer v. Horowitz,* 535 F.2d 830 (3d Cir. 1976), established that witnesses appearing in federal court are entitled to absolute immunity from damages liability for their testimony at trial. Seven years later, the Supreme Court determined that section 1983 does not allow recovery against a private party for testimony at a civil or criminal trial, *Briscoe v. LaHue,* 460 U.S. 325, 329, 103 S.Ct. 1108, 1112, 75 L.Ed.2d 96 (1983), and rejected the plaintiffs' theory that the Court should "carve out an exception to the general rule of immunity in cases of alleged perjury by police officer witnesses." *Id.,* 460 U.S. at 341, 103 S.Ct. at 1119. The Court reasoned that a police officer witness "performs the same functions as any other witness: he is subject to compulsory process, takes an oath, responds to questions on direct examination and cross-examination, and may be prosecuted subsequently for perjury." *Id.,* 460 U.S. at 342, 103 S.Ct. at 1119.

The Court also cited a justification it had previously used for conferring absolute immunity on prosecutors: that allowing such suits could create a serious resource drain on police departments, as such cases "could be expected with some frequency." *Id.,* 460 U.S. at 343, 103 S.Ct. at 1119, *citing Imbler v. Pachtman,* 424 U.S. 409, 425, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976). The Court especially noted that lawsuits alleging perjury often raise credibility questions that are inappropriate for summary judgment determination, exacerbating the potential for a drain on the resources of law enforcement officials and courts. *Id.,* 460 U.S. at 343 n. 29, 103 S.Ct. at 1119 n. 29.

The *Briscoe* Court specifically declined to address the question of immunity for testimony at pretrial proceedings such as proba-

---

1. There is no private right of action under either the federal or the New Jersey perjury statutes. *Thompson v. Kramer,* 1994 WL 725953, *15

(E.D.Pa.) (citation omitted) (federal); *Harmon v. Holmes,* 712 F.Supp. 451, 454 (D.N.J.1989) (state).

ble cause hearings. *Id.*, 460 U.S. at 328, 103 S.Ct. at 1112. However, the Third Circuit has determined that a non-police-officer witness is absolutely immune in this situation, reasoning that the policy considerations set forth in *Brawer* and in *Briscoe* "support the extension of the absolute immunity doctrine to a witness at the pretrial stage of the judicial process." *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir.1988), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988). *See also Todt v. Rubenstein*, 1986 WL 9736, *12, 1986 WL 9736 (E.D.Pa.), *aff'd*, 817 F.2d 753 (3d Cir.1987) (citations omitted) (noting that the "same policy considerations underlying immunity for trial testimony support immunity for preliminary hearing testimony" and that false testimony at the preliminary hearing stage is less harmful than it is at trial). Following the reasoning of *Briscoe*, this Court sees no reason not to apply this rule to police witnesses. Accordingly, Ali may not assert a claim against Person for liability arising out of his grand jury testimony.

## IV. Assault

█ To state a claim under section 1983 for Edmond's alleged assault, Ali must show that (1) the conduct complained of was committed by someone acting under color of state law; and (2) as a result of the conduct, Ali was deprived of a right, privilege or immunity secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Defendants have not disputed that Edmond had a physical encounter with Ali on the date alleged, or that Edmond was acting under color of state law at the time. Rather, they assert that the encounter was too minor to have deprived Ali of a right, privilege or immunity secured by the Constitution or the laws of the United States. They claim that the Court can grant summary judgment on this issue because photographs taken immediately after the encounter prove that Ali suffered no visible injury.

█ Edmond contends that he merely grabbed Ali by the arm (Edmond Dep. p. 24). Ali asserts that a violent assault occurred, and supports his contention with the sworn affidavit of non-party witness Stephanie McRae, who testified that she saw a uniformed police officer repeatedly and without provocation "pouncing on" Ali. Clearly, this disputed fact issue precludes summary judgment. Even an incarcerated inmate can prevail in a section 1983 action based on assault without proving significant injury. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). But in that context, the strong interest of prison officials in containing conflict and unrest in the facility competes with inmates' Constitutional rights. *Id.*, 503 U.S. at 6, 112 S.Ct. at 998.

Here, by contrast, the alleged assault occurred when Ali was either not yet in police custody or, at most, in the process of being arrested. Accordingly, the standard alleged by defendants to apply to the alleged use of force against Ali is not applicable, *see Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and Edmond's motion for summary judgment on Ali's assault claim must be denied.

## V. Liability of City and of Police Department

█ Although the City of East Orange and the East Orange Police Department have not formally moved for summary judgment of Ali's claims against them, they submitted a letter memorandum joining in the motions of the two individual defendants and arguing that they could not be liable if the individual defendants were not liable because the "primary liability imposed on public entities is that of respondent [sic] superior." Ali's claims against the city and its police department are without merit, but not for the reasons they suggest.

"It is well-settled there is no respondeat superior liability in section 1983 actions." *Rodriguez v. City of Paterson*, 1995 WL 363710, *5, 1995 WL 363710 (D.N.J.) (Wolin, J.), *citing Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). To sustain a section 1983 claim against either the East Orange Police Department or the City of East Orange, Ali must prove that "some affirmative conduct on their part contributed" to the alleged constitutional violation.

*Id.* In other words, Ali must show that the alleged deprivation of his rights occurred "as a result of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the defendant's] officers, or an informal but established custom within the organization." *Ascolese v. Southeastern Penn. Transp. Auth.*, 1995 WL 579948, *11, 1995 WL 579948 (E.D.Pa.), *citing Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Ali has proffered nothing more than bare allegations that either the police department or the city had any involvement in the conduct of which Ali complains other than having hired the individual defendants. This is not enough. Accordingly, the Court will grant summary judgment against Ali on his claims against the City of East Orange and the East Orange Police Department.

## CONCLUSION

For the foregoing reasons, the Court will grant summary judgment in favor of defendants Michael Person, the City of East Orange and the East Orange Police Department. The Court will deny summary judgment on Ali's claims against defendant Hilliard Edmond for relief under 42 U.S.C. § 1983 for assault, but grant Edmond's summary judgment motion on all other claims against him.