295 N.J. Super. 1 (1996)
684 A.2d 504
THOMAS KLESH AND PATRICIA KLESH, PLAINTIFFS-APPELLANTS,
v.
VIRGINIA CODDINGTON, ROBERT I. BOBROW, WILLIAM W. LANIGAN, AND TOWNSHIP OF BRIDGEWATER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS. ARMANDO MONTE CONSALVO A/K/A MONTE CONSALVO, AND HENRY CONSALVO, PLAINTIFFS-APPELLANTS,
v.
VIRGINIA CODDINGTON, ROBERT I. BOBROW, WILLIAM W. LANIGAN, AND TOWNSHIP OF BRIDGEWATER, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1996.
Decided October 23, 1996.
*2 Before Judges PRESSLER, HUMPHREYS and WECKER.
Michael S. Karpoff argued the cause for appellants (Perl, Karpoff & Kessler, attorneys; Mr. Karpoff, on the brief).
Richard H. Thiele argued the cause for respondent Virginia Coddington (Mr. Thiele, on the letter brief).
Joanna L. Crosby argued the cause for respondent Robert I. Bobrow (O'Donnell, Kennedy, Vespole, Piechta & Trifiolis, attorneys; Ms. Crosby, of counsel and on the brief).
George Karousatos argued the cause for respondent William W. Lanigan (Ronan, Tuzzio, Giannone & McGuire, attorneys; Jennifer Fisher Weiss, on the letter brief).
Michael F. O'Gara argued the cause for respondent Township of Bridgewater (Siegel & Siegel, attorneys; Mr. O'Gara, on the letter brief).
*3 PER CURIAM.
Plaintiffs in these consolidated actions appeal, on leave granted, from the entry of summary judgment dismissing their malicious prosecution and malicious use of process actions against defendants. We affirm substantially for the reasons stated by Judge Hoens in her opinion reported at 295 N.J. Super. 51, 684 A.2d 530 (Law Div. 1996).
We add, however, the following observations. We agree with the trial judge that the critical question here is whether plaintiffs, claiming to be aggrieved by the filing of a disorderly persons complaint against them, are required to satisfy the special-grievance element of the cause of action for malicious prosecution of a civil suit. Said another way, does a disorderly persons complaint constitute the initiation of a criminal action so as to spare the malicious-prosecution plaintiff the necessity of showing a special grievance beyond those inherent in the criminal process itself?
Disorderly persons offenses, like traffic offenses, are not criminal actions but are, rather, quasi-criminal. In Vickey v. Nessler, 230 N.J. Super. 141, 553 A.2d 34 (App.Div.), certif. denied, 117 N.J. 74, 563 A.2d 836 (1989), we considered the special-grievance requirement in the context of a traffic offense. Relying on the well-settled principle that malicious prosecution actions are disfavored by the law, we concluded that where the underlying action complained of is quasi-criminal rather than criminal, there is no bright-line rule governing the issue since the matter may be handled by issuance of summons and with none of the liberty deprivations inherent in the processing and prosecution of a criminal complaint. In that event, the character and consequences of the quasi-criminal complaint are more nearly akin to civil-action processing. On the other hand, the quasi-criminal complaint may be attended by one or more of the liberty deprivations characteristic of criminal actions and themselves constituting special grievance, for example, arrest, a bail requirement, booking and fingerprinting, incarceration, or the imposition of a substantial fine or jail sentence. We thus concluded that the determinant of the *4 special-grievance requirement is the "reality" of what happened in the underlying action rather than the "potentiality." Vickey, 230 N.J. Super. at 149-150, 553 A.2d 34. Accordingly, we formulated a factual litmus test, namely "what happened to the defendant in the prior prosecution" of the quasi-criminal action. Id. at 149, 553 A.2d 34. We found there that the special-grievance requirement applied because "plaintiff was not arrested and there was no deprivation of any property right." Id. at 150, 553 A.2d 34. He was served with a summons, appeared in the municipal court, and the proceedings there were unexceptional.
We are satisfied that the same litmus test applies to disorderly persons offenses, which are conceptually and technically congruent with traffic offenses. Here, the record showed, as found by the trial judge, that none of the plaintiffs were ever arrested, held on bail, fingerprinted, photographed or suffered any of the liberty deprivations or intrusions inherently attendant upon the initiation of a criminal action. The matter was simply tried in the municipal court, all but one of the charges were dismissed, and the one that was not was reversed on a de novo trial in the Law Division. We are for that reason satisfied that our holding in Vickey, requiring a showing of special grievance in these circumstances, applies. Compare Lind v. Schmid, 67 N.J. 255, 337 A.2d 365 (1975), decided prior to the Supreme Court's clear articulation in The Penwag Property Co. v. Landau, 76 N.J. 595, 388 A.2d 1265 (1978), of the distinction between civil and criminal actions vis-a-vis the special-grievance requirement. In Lind the underlying disorderly person's prosecution was attended by an arrest, the holding to bail, and actual incarceration for seven hours. Were any criminal-prosecution liberty deprivation present here, each of those deprivations would, in our view, have ipso facto constituted special grievance. But that was not the case.
We add this final comment. The underlying controversy between the disputants is whether all or part of Bartle Lane in Bridgewater is a public rather than a private right of way. That has been a long-standing and at times bitter conflict. We were *5 advised at oral argument that that controversy persists. Since the municipality, as well as defendant Coddington, is asserting the right of public use, and since the matter is apparently a contentious cause celebre in the Township, it is our view that the municipality should institute a definitive civil action in the Superior Court for declaratory judgment determining the status of the right of way if none of the contestants themselves do. That is the responsible and appropriate way for the underlying controversy to be finally resolved.
The summary judgment appealed from is affirmed and we remand to the Law Division for proceedings on the remaining claims.