**Richard A. DUNNE, Appellant**

v.

**TOWNSHIP OF SPRINGFIELD; Springfield Township Police Department; Officer Kevin Gilchrist; John Does I–X, (fictitious named individuals); ABC I to X, (fictitious named entities and/or corporations).**

No. 11–1583.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 13, 2012.

Opinion Filed: Oct. 2, 2012.

Richard A. Dunne, Mountainside, NJ, pro se.

Terrence J. Bolan, Esq., Bolan, Jahnsen & Reardon, Shrewsbury, NJ, for Appellees.

Before: SCIRICA, ROTH and BARRY, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

After being found not guilty of two minor traffic offenses, Richard A. Dunne, Esq., filed an action under 42 U.S.C. § 1983 asserting claims for malicious use and abuse of process. The District Court granted summary judgment to the defendants, and Dunne appealed. We find his claims to be wholly without merit, and will affirm.

### I. Background

On November 17, 2006, Dunne was stopped in traffic on a street outside of a special education elementary school at the time of school dismissal. Officer Kevin Gilchrist was also there to direct traffic, which was heavy due to the number of parents picking up their children from school. Dunne believed that Gilchrist was not paying proper attention to the traffic situation, and after waiting approximately one minute, he twice honked his horn at Gilchrist. When the heavy traffic eased, Dunne proceeded to drive down the street. As he drove past Gilchrist, Dunne said something to him out of the passenger-side window of his car.[1] Gilchrist noted Dunne's license plate number and wrote summonses for improper use of horn and for careless driving, which he mailed to Dunne. At a subsequent hearing in Municipal Court, Dunne was found not guilty

---

1. The parties dispute the content of this statement. Dunne claims that he told Gilchrist that he was "not very smart"; Gilchrist testified that Dunne called him a "fucking asshole."

of careless driving but guilty of improperly using his horn, and was fined $33. He appealed to the Superior Court, which reversed the guilty finding for improper use of horn.

Dunne then filed the instant action in federal court against Gilchrist, the Township of Springfield, the Springfield Police Department, and certain unnamed individuals and corporate entities alleging that the defendants violated his constitutional right to due process through the malicious use and abuse of process. He sought compensatory, general, special, economic, and punitive damages, as well as attorney's fees and costs. Eventually, after Dunne had filed several amended complaints, defendants moved for summary judgment, a motion the District Court granted in an order accompanied by a well-reasoned and extraordinarily detailed opinion. Dunne now appeals, challenging the District Court's ruling only with respect to Gilchrist.

## II. Analysis [2]

### A. Malicious Use of Process

■ In his first § 1983 claim, Dunne asserts that Gilchrist's issuance of the traffic summonses constituted malicious use of civil process by a state actor in violation of his due process rights.[3] We have held that "a claim of malicious use of process may

state a Section 1983 claim if it includes the elements of that common law tort as it has developed." *McArdle v. Tronetti*, 961 F.2d 1083, 1088 (3d Cir.1992). Accordingly, we are guided by the relevant decisions of the New Jersey state courts, which hold that a plaintiff asserting a malicious use of process claim must show that:

> (1) a[n] . . . action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; . . . (4) the action was terminated favorably to the plaintiff; . . . [and (5) ] the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim.

*LoBiondo v. Schwartz*, 199 N.J. 62, 970 A.2d 1007, 1022–23 (2009). After meticulously examining the record and drawing all inferences in favor of Dunne, the District Court determined that he had not established a "special grievance" and that his claim therefore failed.[4] We agree.

New Jersey courts have held that "the mere cost of defending against litigation" does not amount to a special grievance; rather, the key inquiry is whether the underlying action "interfere[s] with one's liberty or property." *Id.* at 1026 (citation and internal quotations omitted). Dunne has failed to allege, let alone demonstrate, that he suffered any such special grievance. Nor could he, as it is undisputed

---

2. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, affirming only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

3. Because "traffic offenses[ ] are not criminal actions but are, rather, quasi-criminal," the issuance of traffic summonses is evaluated

under the civil standard for malicious use of process rather than under the criminal standard for malicious prosecution. *Klesh v. Coddington*, 295 N.J.Super. 1, 684 A.2d 504, 505 (N.J.Super.Ct.App.Div.1996).

4. The District Court also concluded that Dunne failed to demonstrate malice and a lack of probable cause, the second and third elements of the claim. Those conclusions are amply supported by the undisputed facts of record.

that he was never restrained, arrested, jailed, or otherwise deprived of his liberty or property. Consequently, the lack of a special grievance is fatal to his malicious use of process claim.[5]

### B. Malicious Abuse of Process

■ Dunne also asserts a § 1983 claim based on the related, but distinct, tort of malicious abuse of process. "[A] section 1983 claim for malicious abuse of process lies where 'prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n. 17 (3d Cir.1989) (citation omitted). Thus, "[t]he gravamen of [a malicious abuse of process claim] is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Restatement (Second) of Torts § 682 cmt. a (1965). Quite simply, the record here is utterly devoid of evidence to support such a claim, and Dunne does not even suggest that the prosecution of the traffic citations was undertaken for any improper or abusive purpose. Rather, it is clear that the sole aim of the proceedings in the state courts was to determine whether Dunne was guilty of the offenses in question, which is precisely the purpose "intended by the law." *Rose*, 871 F.2d at 350 n. 17. As such, Dunne's malicious abuse of process claim fails.

### III. Conclusion

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

5. Relying on a *Harmon v. Holmes*, 712 F.Supp. 451 (D.N.J.1989), Dunne argues that the mere *potential* for a traffic offense to result in jail or points on a driving record constitutes a "special grievance." Of course, *Harmon* is not binding upon us, and to the extent that it can be read to support such a proposition, we decline to follow it, as it stands in contrast to the clear weight of au-

thority on this subject. *See, e.g., Klesh*, 684 A.2d at 505 ("[T]he determinant of the special-grievance requirement is the 'reality' of what happened in the underlying action rather than the 'potentiality.'"); *Bergen v. Gervasi*, 1998 U.S. Dist. LEXIS 20755, at *11 (D.N.J. Nov. 23, 1998) (same); *Vickey v. Nessler*, 230 N.J.Super. 141, 553 A.2d 34, 38 (N.J.Super.Ct.App.Div.1989) (same).