NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1055
_____

GLORIA GEBHART,
                                    Appellant

v.

DAVID STEFFEN; TIMOTHY BARKER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Case No. 1-12-cv-01837)
District Judge: Hon. William W. Caldwell
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 26, 2014

Before:  MCKEE, *Chief Judge,* and FUENTES and GREENAWAY, JR., *Circuit Judges*.

(Opinion filed:  August 1, 2014)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

    Gloria Gebhart brought a 42 U.S.C. § 1983 suit against defendants Timothy Barker, a

York County Police Officer, and David Steffen, a York County Assistant District

Attorney. Gebhart alleged that Barker and Steffen maliciously prosecuted her and abused

the legal process when they arrested and prosecuted her for crimes she did not commit. After multiple rounds of amendments and foregone opportunities to amend, the District Court dismissed Gebhart's complaint. We conclude that Gebhart failed to sufficiently plead a malicious prosecution claim because she has not alleged facts to show that Steffen initiated her criminal proceedings without probable cause. We also conclude that Gebhart failed to plead a cause of action for abuse of process because she did not allege that her proceedings were misused after they were initiated. We affirm.

## I. Background

Because this is an appeal of dismissals for failure to state a claim, we take the allegations in Gebhart's complaint as true. *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010).

Gloria Gebhart's action began with her son. Prior to Gebhart's arrest, her son, Steven, was incarcerated. While imprisoned, he sued York County officials for civil rights violations. Around the same time, York County law enforcement investigated Steven for ongoing criminal activity. His jailhouse phone calls were being recorded and reviewed.

The investigation into Steven swept up his mother, as well. On August 27, 2007, Officer Steffen filed a criminal complaint against Gloria Gebhart alleging multiple offenses, including participating in a criminal conspiracy with her son to commit theft by deception. The complaint rested, at least in part, on information culled from Steven's phone calls. Barker, an Assistant District Attorney, actively participated in the investigation and advised Steffen on the charges he should file. On the basis of the alleged conspiracy, Barker consolidated Gebhart's and Steven's trials and presented them to the same jury. On November 17, 2010, the jury found Gebhart not guilty of all charges.

2

After the jury acquitted her, Gebhart filed a § 1983 complaint alleging that Barker and Steffen maliciously prosecuted her in violation of the Fourth Amendment, and also abused the legal process in violation of state law. Gebhart claims that "the rambling, diffuse, and overbroad affidavit of probable cause filed as part of the criminal complaint" made "no definitive or understandable charge . . . with the required specificity." Second Am. Compl. ¶ 10. The charges, Gebhart asserts, were "exaggerated and trumped up," "baseless," and without probable cause. *Id.* ¶¶ 1, 5, 6, 19. Gebhart alleges that Barker and Steffen arrested and prosecuted her to retaliate against Steven for his civil rights suit.

Gebhart's pleading went through three iterations of pleading, dismissal, and subsequent amendment. Barker and Steffen moved to dismiss under Rule 12(b)(6) or Rule 12(c) at each stage, arguing that Gebhart had failed to state a claim and that they were immune from liability. Ultimately, the District Court dismissed both of Gebhart's claims with prejudice for failure to state a claim. The District Court never reached the immunity issues.

Considering Gebhart's abuse of process claim, the District Court noted that, under Pennsylvania law, "[t]he gravamen of a malicious abuse of process claim is not . . . the wrongful initiation of criminal . . . proceedings; it is the misuse of process." *Gebhart v. Steffen*, No. 12 Civ. 1837, 2013 WL 160218, at *2 (M.D. Pa. Jan. 15, 2013) (quoting *Dunne v. Twp. of Springfield*, 500 F. App'x 136, 139 (3d Cir. 2012)) (original alterations omitted). The Court concluded that Gebhart's Complaint alleged only that the criminal charges were initiated wrongly, not that the process was misused after it began, and held that Gebhart failed to state a claim of abuse of process. The Court granted Gebhart leave to amend. When her First Amended Complaint included no changes to the abuse of

3

process claim, the District Court held that allowing Gebhart to make additional changes would be futile. It dismissed the claim with prejudice.

Next, the District Court held that Gebhart's Second Amended Complaint had not sufficiently alleged that her proceedings were initiated without probable cause, an element of malicious prosecution. The Court gave Gebhart twenty-one days to amend her complaint and warned her that her claim would be dismissed if she failed to amend. Nineteen days later, Gebhart moved for a time extension and the District Court granted her an additional twelve days to comply. Four days after the extension period expired, Gebhart filed a motion and the Court gave her another seven days to file an amended complaint. When Gebhart failed to file a third amended complaint after this third deadline elapsed, the District Court dismissed her complaint with prejudice.

Gebhart raises two arguments on appeal. First, she contends the District Court erred in dismissing her claims of malicious prosecution. Second, she contends the District Court erred in dismissing her claims of abuse of process. We will address each issue in turn.

## II. Discussion

We exercise plenary review over a District Court's grant of a motion to dismiss.[1] *Byers*, 600 F.3d at 291. Rule 12(b)(6) motions to dismiss and Rule 12(c) motions for judgment on the pleadings for failure to state a claim are judged according to the same standard. *Turbe v. Gov. of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

When considering a motion to dismiss, we take all of the plaintiff's "factual allegations as true [and] construe the complaint in the light most favorable to the

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. Because the District Court's dismissal order ended the litigation, this court has jurisdiction over Gebhart's appeal pursuant to 28 U.S.C. § 1291.

4

plaintiff." *Byers*, 600 F.3d at 291. However, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "[t]he plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). This standard is not a probability requirement but the plaintiff needs to show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A.

The District Court correctly dismissed Gebhart's claim for malicious prosecution. To state a valid malicious prosecution claim for violations of Fourth Amendment rights, a party bringing a § 1983 claim must allege enough facts to plausibly show that:

(1) the defendants initiated a criminal proceeding;

(2) the criminal proceeding ended in the plaintiff's favor;

(3) the proceeding was initiated without probable cause;

(4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and

(5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

Gebhart has failed to allege the third element, that Steffen and Barker initiated criminal proceedings against her without probable cause. Gebhart pleads that: (1) the affidavit of probable cause was "rambling, diffuse, and overbroad" and without "the required specificity," Second Am. Compl. ¶ 10; (2) the charges were "exaggerated and

5

trumped up," *Id*. ¶ 1, "baseless," *Id*. ¶ 6, 18, based on "materially misrepresented" evidence, *Id*. ¶ 12, and without probable cause; (3) she was arrested to pressure Steven because of his existing civil rights suit; and (4) she was acquitted. These statements do not illustrate the absence of probable cause.

First, Gebhart asserts that Steffen and Barker lacked probable cause to justify criminal proceedings. This is a legal conclusion. Gebhart also describes the charges as exaggerated and baseless, and premised on "materially misrepresented" evidence, but she makes no effort to identify the misrepresented facts or describe how the charges were exaggerated and baseless. Her naked allegations, without some kind of elaboration, are just more colloquial ways of saying the charges lacked probable cause. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (on a motion to dismiss, "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (citation and quotation marks omitted)).

Second, Gebhart's ultimate acquittal, though required as an element of a malicious prosecution claim, does not simultaneously satisfy the probable cause element. "[T]he constitutional validity of the arrest does not depend on whether the suspect actually committed any crime . . . [and] it is irrelevant to the probable cause analysis . . . whether a person is later acquitted of the crime for which she or he was arrested." *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005) (citations omitted).

Third, the existence of Steven's lawsuit and Gebhart's assertion that her criminal proceedings were used as a device to pressure Steven does not show the absence of probable cause. These allegations do explain why an officer might be motivated to arrest Gebhart without probable cause. But nothing about these statements indicates that Steffen did so. *See Iqbal*, 556 U.S. at 683.

6

At best, Gebhart claims that the arrest affidavit was "rambling, diffuse, and overbroad." Second Am. Compl. ¶ 10. True, a "rambling, diffuse, and overbroad" arrest affidavit might lack of probable cause. But, on the other hand, such an affidavit might reflect the existence of probable cause.. Gebhart does not allege enough to nudge her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The District Court properly dismissed her malicious prosecution claim.

B.

The District Court correctly dismissed the abuse of process claim. Under Pennsylvania law, an abuse of process claim must establish three elements:

(1) The defendant used a legal process against the plaintiff,

(2) the defendant used the process primarily to accomplish a purpose for which the process was not designed; and

(3) harm has been caused to the plaintiff.

*Lerner v. Lerner,* 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008).

Abuse of process and malicious use of process, also known as malicious prosecution, are separate torts. *Rose v. Bartle*, 871 F.2d 331, 350 n.17 (3d Cir. 1989). While malicious prosecution "has to do with the wrongful initiation of civil process," abuse of process "is concerned with perversion of process after litigation has begun." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir. 2002). For abuse of process to lie, the improper use must be the *primary* purpose of the proceeding and "there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive or spite or ulterior purpose of benefit to the defendant." *Gen.*

*Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 305 n.2 (3d Cir. 2003) (quoting *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)).

Gebhart has not pled that either Steffen or Barker committed abuse of process. Her allegations that Steffen wrongfully arrested her do not describe an abuse of process. *See McGee v. Feege*, 535 A.2d 1020, 1025 (identifying malice, absence of probable cause, and commencement of a case as "factors germane to an action for malicious use of process."). Because Gebhart makes no allegations that Steffen participated in the proceedings after he initiated them, her claim against Steffen fails at the start.

As to Barker, the only allegation Gebhart makes that pertains to her legal process after its initiation was that Barker consolidated Gebhart's and Steven's trials on the basis of the alleged conspiracy. Gebhart argues in her brief that Barker consolidated the trials for the purpose of pressuring Steven. If true, this could be an abuse of process because "using a legal process primarily to harass and cause direct injury to an adversary . . . *could* constitute a perversion of that process." *Gen. Refractories Co.*, 337 F.3d at 307. Gebhart's complaint, however, does not reflect these facts. The complaint alleges only that Barker had an improper motive in *initiating* the suit, not in *conducting* it, and "[t]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 499 (Pa. Super. Ct. 1994) (citation and quotation marks omitted).

Assuming that Gebhart did allege that the primary purpose of Barker's litigation strategy was to pressure Steven, the claim would fail anyway. In Pennsylvania, assistant district attorneys "are immune from suits seeking damages for actions taken . . . in the course of their official duties." *Durham v. McElynn*, 772 A.2d 68, 69-70 (Pa. 2001). As an assistant district attorney, Barker's effort to consolidate the trials of co-conspirators, or any other litigation strategy he chose to pursue, related to his official duties. His conduct, therefore, falls within the scope of Pennsylvania's immunity laws.

Because Gebhart failed to allege that either Barker or Steffen misused the criminal proceedings after they were initiated against her and, alternatively, because Barker is protected by absolute immunity, the District Court properly dismissed her claim.

### III. Conclusion

We affirm the District Court's dismissal orders. To state a claim for malicious prosecution, Gebhart had to allege the absence of probable cause. She has not done so. To state a claim for abuse of process, Gebhart had to allege that her criminal proceedings were misused after they were initiated. She has not alleged that either.